## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL SCARCELLO, JR.,

     Plaintiff,

v.

TENNECO AUTOMOTIVE
OPERATING COMPANY, INC., and
ADMINISTRATIVE COMMITTEE
OF THE TENNECO AUTOMOTIVE
OPERATING COMPANY INC.
SEVERANCE BENEFIT PLAN,

     Defendants.

Case No.

Hon.
United States District Judge

Magistrate Judge

---

Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Pitt, McGehee, Palmer,
Bonanni & Rivers, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248)398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com
Attorneys for Plaintiff

---

## COMPLAINT FOR
## EQUITABLE AND DECLARATORY RELIEF AND DAMAGES FOR
## BREACH OF CONTRACT AND JURY DEMAND

Plaintiff Paul Scarcello, Jr., by and through his attorneys, PITT, MCGEHEE,

PALMER, BONANNI & RIVERS, P.C., states as his complaint for equitable and

declaratory relief, and damages for breach of contract, as follows:

## INTRODUCTION

Plaintiff Paul Scarcello, Jr. ("Scarcello") began his employment with Defendant Tenneco Automotive Operating Company, Inc. ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax. Scarcello was an officer of the company within the meaning of Section 16 of the Exchange Act. The company maintains a Severance Benefit Plan ("Plan") that is governed by ERISA. Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination. As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan.

In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits. This action violated ERISA §510. On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan. Because the company acted as both plan sponsor and administrator, it owed fiduciary duties to Scarcello, which it breached by deciding his benefit status with a conflict of interest in violation of ERISA §404.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Paul Scarcello, Jr. is a resident of Huntington Woods, Michigan.

2.      Defendant Tenneco Automotive Operating Company, Inc. is a corporation incorporated under the laws of the State of Delaware with its headquarters and principal place of business in Illinois.

3.      Tenneco maintains office in Southfield Michigan, where it employed Scarcello in the position of Vice President, Global Tax.

4.      The Plan is an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1) and ERISA §3(3), 29 U.S.C. §1002(3), a severance pay arrangement within the meaning of ERISA §3(2)(B)(i), an "employee pension benefit plan" within the meaning of ERISA §3(2)(B), 29 U.S.C. §1002(3)(B) and applicable regulations, and otherwise is an ERISA plan because the employer has discretion over the distribution of benefits, the severance plan places ongoing demands on the employer's assets, and the plan requires an ongoing administrative program to meet the employer's obligation, including determination of which employees are eligible for enhance benefits, payment of substantial severance payments, professional outplacement and re-employment assistance, and continuance of medical insurance coverage.

5.      Scarcello is a participant in and beneficiary of the Plan.

6.     The company is both the named fiduciary and plan administrator of the Plan for purposes of ERISA.

7.     The company is also the Plan sponsor with respect to the Plan.

8.     Venue is proper in the Eastern District of Michigan because all events in controversy, including the administration of the Plan with respect to Plaintiff, occurred in his judicial district.

9.     The Court has subject matter jurisdiction over Plaintiff's ERISA claims because they arise under federal law.

10.     The Court should exercise its supplemental jurisdiction over Plaintiff's breach of contract claim, which arises under Michigan law, because all claims arise out of the same set of operative facts, such that all claims in the lawsuit form part of a single case or controversy.

11.     Exhaustion of administrative remedies is not required as a pre-condition to filing this action because of the procedural defects in the responses of the plan administrators in response to Plaintiff's claim for benefits and because there are no remedies that are or will be available to resolve the issues raised in this complaint and, if such remedies were available, pursuing them would be futile.

## GENERAL ALLEGATIONS

12.     Scarcello began his employment with Defendant Tenneco Automotive Operating Company, Inc. ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax.

13.     Scarcello was an officer of the company within the meaning of Section 16 of the Securities Exchange Act.

14.     The company maintains a plan known as the Tenneco Automotive Operating Company Inc. Severance Benefit Plan ("Plan") that is governed by ERISA.

15.     The Plan defines "Officer" as "an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act and any other Eligible Employee who has been designated, in writing by the Senior Vice President of Human Resources & Administration and/or Chief Executive Officer of Tenneco, as eligible to participate in the Plan as a member of Group 1."

16.     Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination.

17.     Group 1 benefits are defined as "The sum of (a) one times the sum of Base Salary plus Target Bonus, determined as of the Termination Date (the "cash severance benefit") plus (b) the Medical Subsidy Payment[.]"

18.    In addition to cash severance benefits and medical subsidy payment, the plan also provides for outplacement services in accordance with the company's outplacement policy.

19.    The plan provides for the continuance of medical benefits in the form of ongoing medical subsidy payments defined as "a cash payment equal to (i) the amount of the employer-paid portion of the monthly premium for the type and level of medical coverage, if any, applicable to the Participant under the plan(s) maintained by the Tenneco Companies as of his or her Termination Date divided by four multiplied by (ii) the number of calendar weeks included in the applicable cash severance benefit indicated in Section 5. The among of the employer-paid portion of the applicable premium will be determined based on the same type and level of coverage for similarly-situated active employees whose Termination Date has not occurred."

20.    The terms of the plan call for ongoing administration to determine the demands against the company's assets.

21.    As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan, along with outplacement services and medical subsidy payments administered in accordance with the terms of the Plan.

22.     In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits.

23.     The company's unilateral decision to misclassify Scarcello as a Non-Section 16 officer was made with the specific intent to interfere with his attainment of severance benefits, as demonstrated by the fact that the change of classification was accompanied by no significant changes to Scarcello's policymaking duties and responsibilities, or to his reporting relationships within the company.

24.     As a result of the company's intentional decision to misclassify Scarcello as a Non-Section 16 Officer, Scarcello was rendered ineligible for Group 1 benefits under the Plan.

25.     On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan.

26.     Following his termination, Scarcello, through counsel, asserted his rights to Group 1 benefits under the Plan.

27.     The company, through its counsel, informed Scarcello that he was not eligible for Group 1 benefits.

28.     When the company hired Scarcello, the company offered, and Scarcello accepted, an employment contract that required the company to pay Scarcello a

signing bonus within 90 days of the start of Scarcello's employment with the company.

29.   The company terminated Scarcello's employment involuntarily and without cause, with an effective termination date of March 11, 2020.

30.   The company has only paid Scarcello three-fourths of his contractual signing bonus.

## COUNT I

## VIOLATION OF THE INTERFERENCE PROVISIONS OF ERISA §510

31.   Plaintiff incorporates by reference all the allegations contained above.

32.   Section 510 of ERISA, 29 U.S.C. §1140, makes it unlawful "[f]or any person to discharge, fine, suspend, expel, discipline or discriminate a participant or beneficiary… for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this title." 29 U.S.C. §1140.

33.   Defendant is a "person" within the meaning of ERISA §510.

34.   The prohibitions of § 510 are aimed primarily at preventing employers from discharging or harassing their employees in order to interfere with their attainment of future benefits and rights, whether vested or unvested.

35.   By its terms, ERISA §510 protects plan participants from termination motivated by an employer's desire to prevent a benefit from vesting.

36.     The protections of ERISA §510 are not limited to vested pension rights because ERISA §510 prohibits interference with rights to which an employee may become entitled under an employee benefit plan and does not limit its application to benefits that will become vested.

37.     Unlawful interference under ERISA §510 includes misclassifying an employee in order to interfere with the employee's ability to receive future benefits or rights under an ERISA plan.

38.     In this case, the company intentionally misclassified Scarcello as a Non-Section 16 Officer with the specific intent to interfere with his ability to receive identifiable Group 1 benefits under the Plan.

39.     The company's intention to interfere with Scarcello's ability to receive Group 1 benefits was a determining factor in its decision to misclassify Scarcello as a Non-Section 16 Officer.

40.     Plaintiffs has standing to bring his § 510 claim against the company because he is an employee or former employees of the company, as well as a participant in and beneficiary of the Plan, and he was, or would have become eligible to receive a benefit from Plan, through the equitable and injunctive remedies entered by this Court.

41.     As a result of the Company's violation of § 510 of ERISA, 29 U.S.C. §1140, Plaintiff has suffered and will continue to suffer losses in the form of lost benefits to which he would otherwise have received pursuant to the Plan.

42.     Accordingly, to redress the violations of §510 alleged in this action, Plaintiff requests the following relief from this Court:

a. A declaration that Defendant violated Plaintiff's rights under §510 of ERISA when it misclassified Plaintiff as a Non-Section 16 Officer in order to interfere with his ability to receive future benefits under the Plan;

b. An equitable order directing Defendant to provide Plaintiff with Group 1 benefits under the Plan;

c. An equitable injunction directing Defendant to classify Plaintiff as a Section 16 Officer;

d. An order of any other equitable and/or legal relief the court deems necessary to enforce Plaintiff's rights under ERISA; and

e. An award of attorneys' fees and costs.

## COUNT II
## VIOLATION OF ERISA §404(A)
## BREACH OF FIDUCIARY DUTY

43.    Plaintiff incorporates by reference all the foregoing allegations.

44.    Plaintiff was a participant and beneficiary of the Plan.

45.    The company is a fiduciary within the meaning of ERISA and is subject to the high standards of fiduciary duties imposed on administrators of an ERISA Plan.

46.    As an ERISA fiduciary, the company had a duty to administer the Plan with an eye single to the interests of the participants and beneficiaries.

47.    As an ERISA fiduciary, the company was obligated to refrain from arbitrary and discriminatory conduct in awarding or not awarding benefits under the Plan.

48.    The company wore two hats as an employer/plan sponsor and as a fiduciary.

49.    The company was a conflicted fiduciary because it funded the Plan and, without an eye single to the interest of Plan participants and beneficiaries, including Plaintiff, misclassified officers, including Plaintiff, as Non-Section 16 Officers to deprive them of Plan benefits.

50.    In violation of its fiduciary duties, the Company misclassified its officers, including Plaintiff, as Non-Section 16 Officers for the purpose of saving

costs for the Company rather than protecting the interests of Plan beneficiaries and participants, including Plaintiff.

51.     As a result of the Company's breaches of fiduciary duty, Plaintiff was unlawfully denied ERISA rights, insofar as the company acted from a conflict of interest and acted in the Company's self-interest, and not in the interests of the Plan participants and beneficiaries, including Plaintiff.

52.     Accordingly, the Court should order the appropriate equitable relief pursuant to ERISA §502(a)(3) including, but not limited to, a prospective injunction directing the company to classify Plaintiff as a Section 16 Officer and to provide the benefits of which Plaintiff was unlawfully deprived.

## COUNT III
## BREACH OF CONTRACT

53.     Plaintiff incorporates by reference all the foregoing allegations.

54.     When the company hired Scarcello, the company offered, and Scarcello accepted, a contract of employment that required the company to pay Scarcello a signing bonus with the first portion of the bonus to be paid within 90 days of the start of Scarcello's employment with the company and the second portion of the bonus to be paid on the first-year service anniversary.

55.     The contract, including the provision requiring the company to pay the signing bonus, was clear, definite, and supported by adequate consideration.

56.    The company terminated Scarcello's employment involuntarily and without cause, with an effective termination date of March 11, 2020.

57.    The company has only paid Scarcello three-fourths of his contractual signing bonus.

58.    The company breached its contractual obligations to Scarcello by failing to pay Scarcello to the full signing bonus and has continued its breach of contract by failing to pay Scarcello the remaining portion of his signing bonus.

59.    Accordingly, Plaintiff is entitled to recover remaining one-fourth of his signing bonus, plus interest.

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendants along with the following relief:

   a. A declaration that Defendant violated Plaintiff's rights under §510 of ERISA when it misclassified Plaintiff as a Non-Section 16 Officer in order to interfere with his ability to receive future benefits under the Plan;

   b. An equitable order directing Defendant to provide Plaintiff with Group 1 benefits under the Plan;

   c. An equitable injunction directing Defendant to classify Plaintiff as a Section 16 Officer;

   d. An order of any other equitable and/or legal relief the court deems necessary to enforce Plaintiff's rights under ERISA;

   e. An award of damages for breach of contract including interest and any other relief necessary to make Plaintiff whole; and

f.  An award of attorneys' fees and costs.

Respectfully submitted,

_s/ Kevin M. Carlson_
Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Pitt, McGehee, Palmer,
Bonanni & Rivers, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248)398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com
Attorneys for Plaintiff

Date:  July 8, 2020

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL SCARCELLO, JR.,

     Plaintiff,

v.

TENNECO AUTOMOTIVE
OPERATING COMPANY, INC., and
ADMINISTRATIVE COMMITTEE
OF THE TENNECO AUTOMOTIVE
OPERATING COMPANY INC.
SEVERANCE BENEFIT PLAN,

     Defendants.

Case No.

Hon.
United States District Judge

Magistrate Judge

---

Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Pitt, McGehee, Palmer,
Bonanni & Rivers, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248)398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com
Attorneys for Plaintiff

---

## **JURY DEMAND**

     Plaintiff demands a trial by jury as to all facts and issues in this

case.

                    Respectfully submitted,

                     s/ Kevin M. Carlson
                    Kevin M. Carlson (P67704)

Michael L. Pitt (P24429)
Pitt, McGehee, Palmer,
Bonanni & Rivers, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248)398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com
Attorneys for Plaintiff

Date:  July 8, 2020

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PAUL SCARCELLO, JR., | TENNECO AUTOMOTIVE OPERATING COMPANY, INC., and ADMINISTRATIVE COMMITTEE OF THE TENNECO AUTOMOTIVE OPERATING COMPANY INC. SEVERANCE BENEFIT PLAN, |

**(b)** County of Residence of First Listed Plaintiff    Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin M. Carlson (P67704)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government    Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:    ERISA §510

Brief description of cause:    ERISA violation and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    July 8, 2020

SIGNATURE OF ATTORNEY OF RECORD    s/ Kevin M. Carlson

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.