# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SCARCELLO, JR., | Case No. 20-11850 |
| Plaintiff, | |
| v. | Hon. Arthur J. Tarnow<br>United States District Judge |
| TENNECO, INC., and<br>TENNECO AUTOMOTIVE<br>OPERATING COMPANY, | Magistrate Judge Anthony P. Patti |
| Defendants. | |

| | |
|---|---|
| Kevin M. Carlson (P67704)<br>Michael L. Pitt (P24429)<br>Pitt, McGehee, Palmer,<br>Bonanni & Rivers, P.C.<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>Tel: (248)398-9800<br>kcarlson@pittlawpc.com<br>mpitt@pittlawpc.com<br>Attorneys for Plaintiff | Richard E. Nowak (IL 6302664)<br>Elaine Liu (IL 6321015)<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>rnowak@mayerbrown.com<br>eliu@mayerbrown.com<br><br>Michael G. Brady (P57331)<br>Warner Norcross + Judd LLP<br>2000 Town Center, Suite 2700<br>Southfield, MI 48075<br>Phone: 248.784.5032<br>mbrady@wnj.com<br><br>Attorneys for Defendants |

## SECOND AMENDED COMPLAINT FOR EQUITABLE AND DECLARATORY RELIEF

Plaintiff Paul Scarcello, Jr., by and through his attorneys, PITT, MCGEHEE, PALMER, BONANNI & RIVERS, P.C., states as his amended complaint for equitable and declaratory relief as follows:

## INTRODUCTION

Plaintiff Paul Scarcello, Jr. ("Scarcello") began his employment with Defendant **Tenneco, Inc.** ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax. Scarcello was an officer of the company within the meaning of Section 16 of the Exchange Act. The company maintains a Severance Benefit Plan ("Plan") that is governed by ERISA. **Defendant Tenneco Automotive Operating Company is the Plan Administrator.** Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination. As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan.

In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits. This action violated ERISA §510. On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Paul Scarcello, Jr. is a resident of Huntington Woods, Michigan.

2. Defendant **Tenneco, Inc.** (Tenneco) is a corporation incorporated under the laws of the State of Delaware with its headquarters and principal place of business in Illinois.

3. Tenneco maintains office in Southfield Michigan, where it employed Scarcello in the position of Vice President, Global Tax.

4. The Plan is an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1) and ERISA §3(3), 29 U.S.C. §1002(3), a severance pay arrangement within the meaning of ERISA §3(2)(B)(i), an "employee pension benefit plan" within the meaning of ERISA §3(2)(B), 29 U.S.C. §1002(3)(B) and applicable regulations, and otherwise is an ERISA plan because the employer has discretion over the distribution of benefits, the severance plan places ongoing demands on the employer's assets, and the plan requires an ongoing administrative program to meet the employer's obligation, including determination of which employees are eligible for enhanced benefits, payment of substantial severance payments, professional outplacement and re-employment assistance, and continuance of medical insurance coverage.

5. **Defendant Tenneco Automotive Operating Company is the Plan Administrator for the Plan and, as such, is the defendant with respect to Count II of this Second Amended Complaint.**

6. Scarcello is a participant in and beneficiary of the Plan.

7. The company is both the named fiduciary and plan administrator of the Plan for purposes of ERISA.

8. The company is also the Plan sponsor with respect to the Plan.

9. Venue is proper in the Eastern District of Michigan because all events in controversy, including the administration of the Plan with respect to Plaintiff, occurred in his judicial district.

10. The Court has subject matter jurisdiction over Plaintiff's ERISA claims because they arise under federal law.

11. The Court should exercise its supplemental jurisdiction over Plaintiff's breach of contract claim, which arises under Michigan law, because all claims arise out of the same set of operative facts, such that all claims in the lawsuit form part of a single case or controversy.

12. Exhaustion of administrative remedies is not required as a pre-condition to filing this action because of the procedural defects in the responses of the plan administrators in response to Plaintiff's claim for benefits and because there

are no remedies that are or will be available to resolve the issues raised in this complaint and, if such remedies were available, pursuing them would be futile.

13. To the extent exhaustion of remedies is required, Plaintiff exhausted his administrative remedies by sending a letter to Tenneco's counsel regarding his eligibility for benefits, which Tenneco construed as an administrative claim for benefits, and by exhausting all available internal appeals, which ended in a final decision of the plan administrator denying benefits on November 23, 2020.

## GENERAL ALLEGATIONS

14. Scarcello began his employment with Defendant Tenneco, Inc. ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax.

15. Scarcello was an officer of the company within the meaning of Section 16 of the Securities Exchange Act.

16. The company maintains a plan known as the Tenneco Automotive Operating Company Inc. Severance Benefit Plan ("Plan") that is governed by ERISA.

17. The Plan defines "Officer" as "an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act and any other Eligible Employee who has been designated, in writing by the Senior Vice President of Human Resources & Administration and/or Chief Executive Officer of Tenneco, as eligible to participate in the Plan as a member of Group 1."

18. Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination.

19. Group 1 benefits are defined as "The sum of (a) one times the sum of Base Salary plus Target Bonus, determined as of the Termination Date (the "cash severance benefit") plus (b) the Medical Subsidy Payment[.]"

20. In addition to cash severance benefits and medical subsidy payment, the plan also provides for outplacement services in accordance with the company's outplacement policy.

21. The plan provides for the continuance of medical benefits in the form of ongoing medical subsidy payments defined as "a cash payment equal to (i) the amount of the employer-paid portion of the monthly premium for the type and level of medical coverage, if any, applicable to the Participant under the plan(s) maintained by the Tenneco Companies as of his or her Termination Date divided by four multiplied by (ii) the number of calendar weeks included in the applicable cash severance benefit indicated in Section 5. The among of the employer-paid portion of the applicable premium will be determined based on the same type and level of coverage for similarly-situated active employees whose Termination Date has not occurred."

22. The terms of the plan call for ongoing administration to determine the demands against the company's assets.

23. As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan, along with outplacement services and medical subsidy payments administered in accordance with the terms of the Plan.

24. In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits.

25. The company's unilateral decision to misclassify Scarcello as a Non-Section 16 officer was made with the specific intent to interfere with his attainment of severance benefits, as demonstrated by the fact that the change of classification was accompanied by no significant changes to Scarcello's policymaking duties and responsibilities, or to his reporting relationships within the company.

26. As a result of the company's intentional decision to misclassify Scarcello as a Non-Section 16 Officer, Scarcello was rendered ineligible for Group 1 benefits under the Plan.

27. On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan.

28. Following his termination, Scarcello, through counsel, asserted his rights to Group 1 benefits under the Plan.

29. The company, through its counsel, informed Scarcello that he was not eligible for Group 1 benefits.

30. The company terminated Scarcello's employment involuntarily and without cause, with an effective termination date of March 11, 2020.

## COUNT I

## VIOLATION OF THE INTERFERENCE PROVISIONS OF ERISA §510

31. Plaintiff incorporates by reference all the allegations contained above.

32. Section 510 of ERISA, 29 U.S.C. §1140, makes it unlawful "[f]or any person to discharge, fine, suspend, expel, discipline or discriminate a participant or beneficiary… for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this title." 29 U.S.C. §1140.

33. Defendant **Tenneco, Inc.** is a "person" within the meaning of ERISA §510.

34. The prohibitions of § 510 are aimed primarily at preventing employers from discharging or harassing their employees in order to interfere with their attainment of future benefits and rights, whether vested or unvested.

35. By its terms, ERISA §510 protects plan participants from **adverse actions** motivated by an employer's desire to prevent a benefit from vesting.

36. The protections of ERISA §510 are not limited to vested pension rights because ERISA §510 prohibits interference with rights to which an employee may become entitled under an employee benefit plan and does not limit its application to benefits that will become vested.

37. Unlawful interference under ERISA §510 includes misclassifying an employee in order to interfere with the employee's ability to receive future benefits or rights under an ERISA plan.

38. In this case, the company intentionally misclassified Scarcello as a Non-Section 16 Officer with the specific intent to interfere with his ability to receive identifiable Group 1 benefits under the Plan.

39. The company's intention to interfere with Scarcello's ability to receive Group 1 benefits was a determining factor in its decision to misclassify Scarcello as a Non-Section 16 Officer.

40. Plaintiffs has standing to bring his § 510 claim against the company because he is an employee or former employees of the company, as well as a participant in and beneficiary of the Plan, and he was, or would have become eligible to receive a benefit from Plan, through the equitable and injunctive remedies entered by this Court.

41. As a result of the Company's violation of § 510 of ERISA, 29 U.S.C. §1140, Plaintiff has suffered and will continue to suffer losses in the form of lost benefits to which he would otherwise have received pursuant to the Plan.

42. Accordingly, to redress the violations of §510 alleged in this action, Plaintiff requests the following relief from this Court:

a. A declaration that Defendant violated Plaintiff's rights under §510 of ERISA when it misclassified Plaintiff as a Non-Section 16 Officer in order to interfere with his ability to receive future benefits under the Plan;

b. An equitable order directing Defendant to provide Plaintiff with Group 1 benefits under the Plan;

c. An equitable injunction directing Defendant to classify Plaintiff as a Section 16 Officer;

d. An order of any other equitable and/or legal relief the court deems necessary to enforce Plaintiff's rights under ERISA; and

e. An award of attorneys' fees and costs.

### COUNT II
### VIOLATION OF ERISA § 502
### WRONGFUL DENIAL OF BENEFITS AND CLAIM FOR BENEFITS
### DUE UNDER ERISA PLAN

43. Plaintiff incorporates all the foregoing paragraphs by reference, as if stated in full herein.

44. **Defendant Tenneco Automotive Operating Company is the Plan Administrator of the Plan and, as such, is the proper defendant as to Plaintiff's claim for benefits in this Complaint.**

45. ERISA § 502(a)(1)(B) provides a cause of action for the recovery of wrongfully denied benefits under an ERISA plan.

46. ERISA § 502(a)(1)(B) provides: "A civil action may be brought— (1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

47. Defendant wrongfully denied Plaintiff's claim for Group 1 benefits, as alleged in this complaint.

48. Defendant acted contrary to the terms of the Plan when it refused to provide Group 1 benefits to Plaintiff.

49. Plaintiff exhausted all available administrative remedies before filing this amended complaint to include this claim for benefits due based upon Defendant's wrongful denial of his claim for benefits.

50. In denying Plaintiff's claim for benefits, Defendant acted with a conflict of interest because Defendant Tenneco is both the sponsor and plan administrator for the Plan.

51. The proper standard of review of the Plan Administrator's decision is *de novo* because the terms of the plan do not confer discretion to grant or deny a claim for benefits, or to interpret plan language.

52. Defendant's actions in denying Plaintiff's claim for benefits were arbitrary and capricious.

53. Plaintiff therefore requests an order awarding him all Group 1 benefits due, along with interest, plus attorney fees and costs, and all other relief the Court deems equitable and appropriate.

Respectfully submitted,

 */s/ Kevin M. Carlson*
Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
Pitt, McGehee, Palmer,
Bonanni & Rivers, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248)398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com
Attorneys for Plaintiff

Date: August 31, 2021