## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL SCARCELLO, JR.,

                Plaintiff,

v.

TENNECO, INC. and TENNECO
AUTOMOTIVE OPERATING
COMPANY,

                Defendants.

No. 20-CV-11850-AJT-APP

Hon. Arthur J. Tarnow

Magistrate Judge Anthony P. Patti

_____

## DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Tenneco Inc. and Tenneco Automotive Operating Company Inc. ("TAOC") [1] (collectively, "Defendants"), by their counsel, hereby respond to Plaintiff Paul Scarcello, Jr.'s ("Plaintiff") Second Amended Complaint (ECF No. 36) ("Complaint"), and assert defenses to the Complaint as follows:

## **INTRODUCTION**

Plaintiff Paul Scarcello, Jr. ("Scarcello") began his employment with Defendant Tenneco, Inc. ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax. Scarcello was an officer of the company within the meaning of Section 16 of the Exchange Act. The company maintains a Severance Benefit Plan ("Plan") that is governed by ERISA. Defendant Tenneco Automotive Operating Company is the Plan Administrator. Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination. As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan.

In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits. This action violated ERISA §510. On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan.

**ANSWER:** Defendants admit that Plaintiff was hired in April 2019 by Federal-Mogul Powertrain LLC as Vice President Tax with responsibility for Tenneco Inc.'s Clean Air and Powertrain businesses. Defendants admit that TAOC is the Plan Administrator of the Tenneco Automotive Operating Company Inc.

---

[1] Plaintiff's Second Amended Complaint incorrectly removes the "Inc." from "Tenneco Automotive Operating Company Inc."

Severance Benefit Plan ("Plan"). With respect to the allegations in this paragraph that purport to characterize the terms of the Plan, the Plan speaks for itself as to its contents. Answering further, Defendants deny that Plaintiff is entitled to Group 1 benefits under the Plan, deny that they engaged in any violation of the law or other wrongdoing, and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny the remaining allegations in this paragraph.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Paul Scarcello, Jr. is a resident of Huntington Woods, Michigan.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny the allegations.

2.     Defendant Tenneco, Inc. (Tenneco) is a corporation incorporated under the laws of the State of Delaware with its headquarters and principal place of business in Illinois.

**ANSWER:** Defendants admit the allegations in this paragraph.

3.     Tenneco maintains [sic] office in Southfield Michigan, where it employed Scarcello in the position of Vice President, Global Tax.

**ANSWER:** Defendants admit that the Tenneco companies maintain an office in Southfield, Michigan and that Scarcello worked out of the Southfield office. Defendants deny the remaining allegations in this paragraph.

4.     The Plan is an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1) and ERISA §3(3), 29 U.S.C. §1002(3), a severance pay arrangement within the meaning of ERISA §3(2)(B)(i), an "employee pension

benefit plan" within the meaning of ERISA §3(2)(B), 29 U.S.C. §1002(3) (B) and applicable regulations, and otherwise is an ERISA plan because the employer has discretion over the distribution of benefits, the severance plan places ongoing demands on the employer assets, and the plan requires an ongoing administrative program to meet the employer's obligation, including determination of which employees are eligible for enhanced benefits, payment of substantial severance payments, professional outplacement and re-employment assistance, and continuance of medical insurance coverage.

**ANSWER:** The allegations in this paragraph state a legal conclusion regarding the legal status of the Plan under ERISA and therefore no response is required. To the extent a response is required, Defendants admit that the Plan is designed to qualify as a severance pay arrangement within the meaning of ERISA § 3(2)(B)(i). Defendants deny the remaining allegations in this paragraph.

5.     Defendant Tenneco Automotive Operating Company is the Plan Administrator for the Plan and, as such, is the defendant with respect to Count II of this Second Amended Complaint.

**ANSWER:**  Defendants admit that TAOC is the Plan Administrator for the Plan and that Plaintiff purports to bring the benefit claim in Count II of the Complaint against TAOC.

6.     Scarcello is a participant in and beneficiary of the Plan.

**ANSWER:** Defendants admit that Plaintiff was a participant of the Plan. Defendants deny the remaining allegations in this paragraph.

7.     The company is both the named fiduciary and plan administrator of the Plan for purposes of ERISA.

**ANSWER:** The allegations in this paragraph state a legal conclusion regarding the legal status of the Plan under ERISA and therefore no response is required. To the

extent a response is required, Defendants admit that TAOC is the Plan Administrator and is designated as the named fiduciary of the Plan. Defendants deny the remaining allegations in this paragraph.

8.     The company is also the Plan sponsor with respect to the Plan.

**ANSWER:**  Defendants admit that TAOC is the Plan sponsor. Defendants deny the remaining allegations in this paragraph.

9.     Venue is proper in the Eastern District of Michigan because all events in controversy, including the administration of the Plan with respect to Plaintiff, occurred in his judicial district.

**ANSWER:** The allegations in this paragraph state legal conclusions regarding jurisdiction and therefore no response is required. To the extent a response is required, Defendants admit that venue is proper in this District, but deny that Plaintiff is entitled to any relief.

10.    The Court has subject matter jurisdiction over Plaintiff's ERISA claims because they arise under federal law.

**ANSWER:** The allegations in this paragraph state legal conclusions regarding jurisdiction and therefore no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction to hear Plaintiff's ERISA claims in the Complaint, but deny that Plaintiff is entitled to any relief.

11.    The Court should exercise its supplemental jurisdiction over Plaintiff's breach of contract claim, which arises under Michigan law, because all claims arise out of the same set of operative facts, such that all claims in the lawsuit form part of a single case or controversy.

**ANSWER:** The allegations in this paragraph relate to Plaintiff's state law breach of contract claim in Count III of the First Amended Complaint (ECF No. 9), which was dismissed by the Court (ECF No. 32). Accordingly, no response to this paragraph is required.

12.     Exhaustion of administrative remedies is not required as a precondition to filing this action because of the procedural defects in the responses of the plan administrators in response to Plaintiff's claim for benefits and because there are no remedies that are or will be available to resolve the issues raised in this complaint and, if such remedies were available, pursuing them would be futile.

**ANSWER:** The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13.     To the extent exhaustion of remedies is required, Plaintiff exhausted his administrative remedies by sending a letter to Tenneco's counsel regarding his eligibility for benefits, which Tenneco construed as an administrative claim for benefits, and by exhausting all available internal appeals, which ended in a final decision of the plan administrator denying benefits on November 23, 2020.

**ANSWER:** The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Answering further, Defendants admit that the Plan Administrator denied Plaintiff's appeal for benefits – which is the subject of Plaintiff's benefits claim in Count II – on November 23, 2020. Defendants deny the remaining allegations in this paragraph.

## **<u>GENERAL ALLEGATIONS</u>**

14.    Scarcello began his employment with Defendant Tenneco, Inc. ("Tenneco" or "company") on April 30, 2019 in the position of Vice President, Global Tax.

**<u>ANSWER:</u>** Defendants admit that, on or about, April 30, 2019, Scarcello began his employment with Federal-Mogul Powertrain LLC in the position of Vice President Tax for Tenneco's Clean Air and Powertrain businesses. Defendants deny the remaining allegations in this paragraph.

15.    Scarcello was an officer of the company within the meaning of Section 16 of the Securities Exchange Act.

**<u>ANSWER:</u>** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.    The company maintains a plan known as the Tenneco Automotive Operating Company Inc. Severance Benefit Plan ("Plan") that is governed by ERISA.

**<u>ANSWER:</u>** Defendants admit that TAOC sponsors the Plan and that the Plan is designed to qualify as a severance pay arrangement within the meaning of ERISA § 3(2)(B)(i). Defendants deny the remaining allegations in this paragraph.

17.    The Plan defines "Officer" as "an officer of the Tenneco Companies within the meaning of Section 16 of the Exchange Act and any other Eligible Employee who has been designated, in writing by the Senior Vice President of Human Resources & Administration and/or Chief Executive Officer of Tenneco, as eligible to participate in the Plan as a member of Group 1."

**ANSWER:** The allegations in this paragraph purport to quote from the terms of the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

18.   Under the terms of the Plan, specifically Section 5(a) of the Plan, the Company is obligated to provide Section 16 Officers with enhanced severance benefits, called "Group 1" severance benefits, in the event of termination.

**ANSWER:** The allegations in this paragraph purport to characterize the terms of the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

19.   Group 1 benefits are defined as "The sum of (a) one times the sum of Base Salary plus Target Bonus, determined as of the Termination Date (the "cash severance benefit") plus (b) the Medical Subsidy Payment[.]"

**ANSWER:** The allegations in this paragraph purport to quote from the terms of the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

20.   In addition to cash severance benefits and medical subsidy payment, the plan also provides for outplacement services in accordance with the company's outplacement policy.

**ANSWER:**  The allegations in this paragraph purport to characterize the terms of the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny any allegations contrary thereto.

21.   The plan provides for the continuance of medical benefits in the form of ongoing medical subsidy payments defined as "a cash payment equal to (i) the amount of the employer-paid portion of the monthly premium for the type and level of medical coverage, if any, applicable to the Participant under the plan(s) maintained by the Tenneco Companies as of his or her Termination Date divided

by four multiplied by (ii) the number of calendar weeks included in the applicable cash severance benefit indicated in Section 5. The among of the employer-paid portion of the applicable premium will be determined based on the same type and level of coverage for similarly-situated active employees whose Termination Date has not occurred."

**ANSWER:** The allegations in this paragraph purport to quote from the terms of

the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny

any allegations contrary thereto.

22.    The terms of the plan call for ongoing administration to determine the demands against the company's assets.

**ANSWER:**  The allegations in this paragraph purport to characterize the terms of

the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny

any allegations contrary thereto.

23.    As a Section 16 Officer, Scarcello was eligible for Group 1 enhanced severance benefits in the event of termination under Section 5(a) of the Plan, along with outplacement services and medical subsidy payments administered in accordance with the terms of the Plan.

**ANSWER:** The allegations in this paragraph purport to characterize the terms of

the Plan, which speaks for itself as to its contents. Accordingly, Defendants deny

any allegations contrary thereto. Defendants deny the remaining allegations in this

paragraph.

24.    In May 2019, the company re-classified Scarcello as a Non-Section 16 Officer with the specific intent of interfering with his attainment of Group 1 enhanced severance benefits.

**ANSWER:** Defendants deny the allegations in this paragraph.

25.    The company's unilateral decision to misclassify Scarcello as a Non-Section 16 officer was made with the specific intent to interfere with his attainment of severance benefits, as demonstrated by the fact that the change of classification was accompanied by no significant changes to Scarcello's policymaking duties and responsibilities, or to his reporting relationships within the company.

**ANSWER:** Defendants deny the allegations in this paragraph.

26.    As a result of the company's intentional decision to misclassify Scarcello as a Non-Section 16 Officer, Scarcello was rendered ineligible for Group 1 benefits under the Plan.

**ANSWER:** Defendants deny the allegations in this paragraph.

27.    On March 11, 2020, the company terminated Scarcello's employment and denied his claim for Group 1 benefits under the Plan.

**ANSWER:**  Defendants admit that Scarcello separated from his employment with Federal-Mogul Powertrain LLC on or about March 11, 2020. Defendants deny the remaining allegations in this paragraph.

28.    Following his termination, Scarcello, through counsel, asserted his rights to Group 1 benefits under the Plan.

**ANSWER:** Defendants admit that, following his separation from employment, Scarcello, through his counsel, asserted that Scarcello believed he was entitled to Group 1 benefits under the Plan. Defendants deny the remaining allegations in this paragraph.

29.    The company, through its counsel, informed Scarcello that he was not eligible for Group 1 benefits.

**ANSWER:**  Defendants admit that, on April 16, 2020, Scarcello asserted a claim for Group 1 benefits under the Plan, which the Plan Administrator denied on July 14, 2020. Defendants deny the remaining allegations in this paragraph.

30.     The company terminated Scarcello employment involuntarily and without cause, with an effective termination date of March 11, 2020.

**ANSWER:** Defendants admit that Scarcello separated from his employment with Federal-Mogul Powertrain LLC on or about March 11, 2020. The remaining allegations in this paragraph relate to Plaintiff's state law breach of contract claim in Count III of the First Amended Complaint (ECF No. 9), which was dismissed by the Court (ECF No. 32). Accordingly, no response to those allegations is required.

**COUNT I**
**VIOLATION OF THE INTERFERENCE PROVISIONS OF ERISA §510[2]**

31.     Plaintiff incorporates by reference all the allegations contained above.

**ANSWER:** Tenneco Inc. repeats and realleges its responses to each of the foregoing paragraphs as if fully set forth herein.

32.     Section 510 of ERISA, 29 U.S.C. §1140, makes it unlawful "[f]or any person to discharge, fine, suspend, expel, discipline or discriminate a participant or beneficiary...for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this title." 29 U.S.C. §1140.

---

[2]     Count I is only directed at Tenneco Inc. Accordingly, only Tenneco Inc. responds to the allegations in this Count (paragraphs 31-42).

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 510, which speaks for itself as to its contents. Accordingly, Tenneco Inc. denies any allegations contrary thereto.

33.    Defendant Tenneco, Inc. is a "person" within the meaning of ERISA §510.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Tenneco Inc. denies the allegations in this paragraph and further denies that it violated ERISA § 510.

34.    The prohibitions of § 510 are aimed primarily at preventing employers from discharging or harassing their employees in order to interfere with their attainment of future benefits and rights, whether vested or unvested.

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 510, which speaks for itself as to its contents. Accordingly, Tenneco Inc. denies any allegations contrary thereto.

35.    By its terms, ERISA §510 protects plan participants from adverse actions motivated by an employer's desire to prevent a benefit from vesting.

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 510, which speaks for itself as to its contents. Accordingly, Tenneco Inc. denies any allegations contrary thereto.

36.    The protections of ERISA §510 are not limited to vested pension rights because ERISA §510 prohibits interference with rights to which an employee may become entitled under an employee benefit plan and does not limit its application to benefits that will become vested.

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 510, which speaks for itself as to its contents. Accordingly, Tenneco Inc. denies any allegations contrary thereto.

37.    Unlawful interference under ERISA §510 includes misclassifying an employee in order to interfere with the employee's ability to receive future benefits or rights under an ERISA plan.

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 510, which speaks for itself as to its contents. Accordingly, Tenneco Inc. denies any allegations contrary thereto.

38.    In this case, the company intentionally misclassified Scarcello as a Non-Section 16 Officer with the specific intent to interfere with his ability to receive identifiable Group 1 benefits under the Plan.

**ANSWER:**  Tenneco Inc. denies the allegations in this paragraph.

39.    The company's intention to interfere with Scarcello's ability to receive Group 1 benefits was a determining factor in its decision to misclassify Scarcello as a Non-Section 16 Officer.

**ANSWER:** Tenneco Inc. denies the allegations in this paragraph.

40.    Plaintiffs has standing to bring his § 510 claim against the company because he is an employee or former employees of the company, as well as a participant in and beneficiary of the Plan, and he was, or would have become eligible to receive a benefit from Plan, through the equitable and injunctive remedies entered by this Court.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Tenneco Inc. admits that Plaintiff was an employee of Federal-Mogul Powertrain LLC and a participant of the Plan. Tenneco Inc. denies that it violated any law, denies that Plaintiff is

entitled to any relief whatsoever, and denies the remaining allegations in this

paragraph.

41.    As a result of the Company's violation of § 510 of ERISA, 29 U.S.C.
§1140, Plaintiff has suffered and will continue to suffer losses in the form of lost
benefits to which he would otherwise have received pursuant to the Plan.

**ANSWER:** Tenneco Inc. denies the allegations in this paragraph.

42.    Accordingly, to redress the violations of §510 alleged in this action,
Plaintiff requests the following relief from this Court:

   a. A declaration that Defendant violated Plaintiff's rights under
      §510 of ERISA when it misclassified Plaintiff as a Non-Section
      16 Officer in order to interfere with his ability to receive future
      benefits under the Plan;
   b. An equitable order directing Defendant to provide Plaintiff with
      Group 1 benefits under the Plan;
   c. An equitable injunction directing Defendant to classify Plaintiff
      as a Section 16 Officer;
   d. An order of any other equitable and/or legal relief the court
      deems necessary to enforce Plaintiff's rights under ERISA; and
   e. An award of attorneys' fees and costs.

**ANSWER:** Tenneco Inc. denies the allegations in this paragraph and further

denies that Plaintiff is entitled to any relief whatsoever.

**COUNT II**
**VIOLATION OF ERISA § 502**
**WRONGFUL DENIAL OF BENEFITS AND CLAIM FOR BENEFITS**
**DUE UNDER ERISA PLAN[3]**

43.    Plaintiff incorporates all the foregoing paragraphs by reference, as if stated
in full herein.

---

[3]    Count II is only directed at TAOC. Accordingly, only TAOC responds to the
allegations in this Count (paragraphs 43-53).

**ANSWER:**  TAOC repeats and realleges its responses to each of the foregoing paragraphs (other than paragraphs 31-42) as if fully set forth herein.

44.    Defendant Tenneco Automotive Operating Company is the Plan Administrator of the Plan and, as such, is the proper defendant as to Plaintiff's claim for benefits in this Complaint.

**ANSWER:**  TAOC admits that it is the Plan Administrator but denies that it engaged in any violation of the law or other wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever. TAOC denies the remaining allegations in this paragraph.

45.    ERISA § 502(a)(1)(B) provides a cause of action for the recovery of wrongfully denied benefits under an ERISA plan.

**ANSWER:** The allegations in this paragraph purport to characterize ERISA § 502(a)(1)(B), which speaks for itself as to its contents. Accordingly, TAOC denies any allegations contrary thereto.

46.    ERISA § 502(a)(1)(B) provides: "A civil action may be brought— (1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:** TAOC admits that this paragraph accurately quotes from ERISA § 502(a)(1)(B).

47.    Defendant wrongfully denied Plaintiff's claim for Group 1 benefits, as alleged in this complaint.

**ANSWER:** TAOC denies the allegations in this paragraph.

48.    Defendant acted contrary to the terms of the Plan when it refused to provide Group 1 benefits to Plaintiff.

14

**ANSWER:** TAOC denies the allegations in this paragraph.

49.    Plaintiff exhausted all available administrative remedies before filing this amended complaint to include this claim for benefits due based upon Defendant's wrongful denial of his claim for benefits.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, TAOC admits that, following the filing of the initial complaint on July 8, 2020 (ECF No. 1), Plaintiff purported to exhaust his administrative remedies with respect to his benefits claim in Count II of the Complaint by submitting an appeal for benefits to the Plan Administrator by letter dated September 14, 2020. TAOC denies the remaining allegations in this paragraph.

50.    In denying Plaintiff's claim for benefits, Defendant acted with a conflict of interest because Defendant Tenneco is both the sponsor and plan administrator for the Plan.

**ANSWER:** The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, TAOC denies the allegations in this paragraph.

51.    The proper standard of review of the Plan Administrator's decision is *de novo* because the terms of the plan do not confer discretion to grant or deny a claim for benefits, or to interpret plan language.

**ANSWER:** The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, TAOC denies the allegations in this paragraph.

52.     Defendant's actions in denying Plaintiff's claim for benefits were arbitrary and capricious.

**ANSWER:** The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, TAOC denies the allegations in this paragraph.

53.     Plaintiff therefore requests an order awarding him all Group 1 benefits due, along with interest, plus attorney fees and costs, and all other relief the Court deems equitable and appropriate.

**ANSWER:** TAOC denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

\* \* \* \*

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Second Amended Complaint not specifically admitted above.

\* \* \* \*

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants allege the following affirmative and other defenses:

### FIRST DEFENSE
### (Failure to Exhaust Administrative Remedies – Count I)

Plaintiff is barred from any recovery in Count I because he failed to exhaust his administrative remedies.

16

## SECOND DEFENSE
### (Failure to Exhaust Administrative Remedies – Count II)

Plaintiff is barred from any recovery in Count II to the extent that Plaintiff attempts to raise new arguments not presented during the administrative review process.

## THIRD DEFENSE
### (Valid Exercise of Administrative Discretion/Not Arbitrary or Capricious)

The Plan grants discretion to the Plan Administrator to determine whether a participant is eligible for benefits, and the Plan Administrator's decision that Plaintiff was not entitled to Group 1 benefits was not arbitrary or capricious.

## FOURTH DEFENSE
### (Failure to Perform Conditions Precedent)

Section 5d. of the Plan sets forth the following conditions precedent for a participant to be entitled to Plan benefits:

> Participant will only be entitled to the Severance Benefit and outplacement services described herein if, in addition to satisfying all other terms and conditions of the Plan, the Participant has signed and returned a general release of claims in such form as the Company determines, any applicable revocation period has expired as of the Payment Date and the release is effective as of the Payment Date. If the requirements of this Section 5d. are not satisfied as of the Payment Date, no benefits will be paid or provided to the Participant pursuant to the Plan.

Plaintiff is not entitled to any benefits under the Plan because, among other things, he did not "sign[] and return[] a general release of claims in such form as the Company determines."

17

## FIFTH DEFENSE
### (No Discovery or Trial)

Plaintiff is not entitled to extra-record discovery on his ERISA benefits claim.

## SIXTH DEFENSE
### (No Jury Trial)

Plaintiff is not entitled to a trial (jury or otherwise) under *Wilkins v. Baptist Healthcare Systems*, 150 F.3d 609 (6th Cir 1998), on his ERISA benefits claims. Plaintiff is also not entitled to a jury trial on his ERISA § 510 claim.

## SEVENTH DEFENSE
### (Legitimate Reasons)

All actions complained of by Plaintiff in Count I were taken for legitimate reasons and not to interfere with Plaintiff's right to, or ability to receive, Plan benefits.

## EIGHTH DEFENSE
### (No Specific Intent or Causal Connection)

Plaintiff is barred from any recovery in Count I because he cannot show that Tenneco Inc. had any specific intent to interfere with his Plan benefits or a causal connection between the Section 16 Classification decision and his benefits under the Plan.

* * * *

## RESERVATION OF RIGHTS

Defendants reserve their right to assert, following the completion of its investigation, any additional defenses that may be available with respect to the Complaint.

\* \* \* \*

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that Plaintiff's Second Amended Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of Defendants, and the Court award Defendants their attorneys' fees, costs, and expenses, and such other and further relief as the Court deems just and proper.

Dated: September 14, 2021                    Respectfully submitted,

*/s/ Richard E. Nowak*
Richard E. Nowak
Elaine Liu
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

Michael G. Brady
Warner Norcross + Judd LLP
2715 Woodward Ave., Suite 300
Detroit, MI 48201
Phone: (313) 546-6032
mbrady@wnj.com

*Attorneys for Tenneco Inc. and*
*Tenneco Automotive Operating*
*Company Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard E. Nowak, an attorney, hereby certify that, on September 14, 2021,

I caused a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND**

**DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** to be

filed and served electronically via the court's CM/ECF system. Notice of this filing

will be sent by e-mail to all persons by operation of the court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the

Notice of Electronic Filing. Parties may access this filing through the court's

CM/ECF system.

*/s/ Richard E. Nowak*
Richard E. Nowak